### NIGHTINGALE v. BARNEY.

Where it appeared that a note belonged to a voluntary association of individuals not incorporated, and that the plaintiff had no interest therein, the court should find for defendant.

A mere moral obligation is not a sufficient consideration to support a note between the parties to such obligation.

### Appeal from Dubuque District Court.

*Opinion by* GREENE, J.   An action of assumpsit commenced in the name of William J. Barney, against George L. Nightingale, on a promissory note.   It appeared in evidence that the note was given to W. W. Corriell without consideration, but was given to him as an officer of Dubuque lodge, No. 3, and for the benefit of said masonic lodge, for initiation fees.   The note was indorsed to the plaintiff without consideration, and was sued for the exclusive benefit of said Dubuque lodge.

Defendant moved the court to instruct the jury that if the note belonged to a voluntary association of individuals, not incorporated, and not to the plaintiff, they must find for the defendant.   This, and other instructions of like import, were refused, and among other things the court instructed the jury, "that although a voluntary association is unknown to the law, and cannot bring suit in its own name, it does not follow that if a person is really indebted to such an association and has given a note to an individual for the benefit of such association, that an action may not be brought upon the note. That a mere moral obligation to pay money is a good consideration for a note.   A promise to pay money for another, creates a moral obligation, as also does the receipt of money belonging to a voluntary association."   In the instructions thus refused and given by the court below, it is claimed there is error.

None but a natural or artificial person can become a

party to a suit. An unincorporated association, such as a masonic lodge, cannot be recognized as a person or party at law, and hence cannot sue or be sued. And, under the Code, § 26, p. 13, the word person is only "extended to bodies politic and corporate." Such an association, then, not being a person in law, cannot become a party to a contract or a suit.

In the present case it is conceded that no consideration passed from Corriell or Barney for the note, that neither of them was a party to the contract, and that the unincorporated Dubuque lodge No. 3, is alone to be benefited by the recovery, is the only real party in interest. The Code stipulates that "civil actions must be prosecuted in the name of the real parties in interest." § 1676. But in this case the real party in interest is not made the party to the suit, and could not be, because not a party or person recognized by law. We conclude, then, that the court erred in refusing the instructions asked for defendant. We also think that the court erred in charging the jury, that an action may be maintained upon a note given for the benefit of an unincorporated association. A contract or a note cannot be made without two parties; such association is not a party or person at law, and therefore a contract made by one party with such association cannot be valid.

Nor can we approve the unqualified language of the court below that, "a moral obligation to pay money is a good consideration for a note." As the doctrine now prevails something more than a mere moral obligation is necessary to create a good foundation for an action between the parties thereto. There must be a consideration esteemed valuable at law, before an express promise can create or revive a legal liability. In Story on Promissory Notes, § 185, we are expressly informed that "a mere moral obligation, although coupled with an express promise, is not a sufficient consideration to support a note between the same parties."

Besides, from the record before us we cannot see how even a moral obligation rested on Nightingale to pay the note to Corriell or Barney. There is nothing intimated that creates such an obligation. Nothing to show that C. or B. was placed under obligation to pay the money due from N. to Dubuque lodge, or that N. was in any respect benefited by the action of C. or B. Had Corriell paid the initiation fees to the lodge for Nightingale, without his request; and if in consideration thereof, Nightingale had subsequently given his promissory note, a very different case would have been presented. There would have been something more than a mere moral obligation; there would have been a valuable consideration which would have rendered valid Nightingale's express promise to pay.

Judgment reversed.

*B. M. Samuels*, for appellant.

*P. Smith*, for appellee.